IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                   **NO. CR 11-2918 RB**

**TERRENCE CHARLES BLAKE,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Select Jury Exclusively from the Mescalero Apache Reservation, (Doc. 43). Briefing is complete. Having considered the submissions of counsel, the record, and relevant law, the Court denies this Motion.

**I.    Background**

The Indictment charges Defendant with one count of aggravated sexual abuse, in violation of the Major Crimes Act, 18 U.S.C. § 1153, and 18 U.S.C. § 2241(a). A hearing on all pending motions is set for May 9, 2012. Jury selection and trial are set for May 14, 2012. Defendant claims that the selection of a petit jury according to this District's Jury Selection Plan and the Jury Selection and Service Act would violate his Sixth Amendment right to vicinage, contravene the intent and purpose of the Major Crimes Act, and violate his Fifth Amendment right to Equal Protection. Defendant requests that the Court draw the jury panel exclusively from the registered voters living on the Mescalero Apache Reservation. The Government opposes this Motion, on the grounds that the selection of jurors from the district within which an Indian tribe is located does not violate Defendant's Sixth Amendment right to a jury pool consisting of a fair cross section of the community, does not violate Defendant's Fifth Amendment right to equal protection, and does not

contravene the Major Crimes Act.

**II.  Discussion**

    **A.  Defendant has not established Sixth Amendment violation**

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law . . ." U.S. Const. amend. VI.  "This provision of the Sixth Amendment is known as the vicinage provision." *United States v. Grisham*, 63 F.3d 1074, 1079 (11th Cir. 1995).  Notably, "neither the language of the vicinage provision nor its legislative history suggests that the geographical area from which the jury is summoned must be smaller than the judicial district created by Congress.  *Id*. at 1080. "Additionally, . . . the vicinage provision does not require that any jurors reside in the immediate vicinity of the occurrence of the crime." *Id*.  Thus, the vicinage provision requires that the jury panel be drawn from the State and District where the crime was committed.

Defendant asserts that the Mescalero Apache Reservation is a political and legal entity separate from the State of New Mexico and, thus, the vicinage requirement mandates that the jury be drawn from the registered voters living on the Mescalero Apache Reservation.  (Doc. 43 at 3-4; (Doc. 77 at 6 n.1).  Defendant offers no legal justification for his argument.  The Jury Selection Plan provides that the panel for the petit jury in this matter will be drawn from the voter registration lists from Catron, Chaves, Dona Aña, Eddy, Grant, Hidalgo, Lea, Luna, Lincoln, Otero, and Sierra Counties, which comprise the Petit Jury Southern Division of the District of New Mexico ("Southern Division"), as defined by the Jury Selection Plan.  The alleged crime occurred on the Mescalero Apache Reservation in Otero County, both of which are located entirely within the Southern

Division.  Because it provides that the jury pool will be drawn from within the State and District of New Mexico, the Jury Selection Plan complies with the vicinage requirement of the Sixth Amendment.

Courts have held that the Sixth Amendment also guarantees criminal defendants the right to a jury selection panel consisting of a fair cross section of the community.  *See Taylor v. Louisiana*, 419 U.S. 522, 538 (1975); *United States v. Gault*, 141 F.3d 1399, 1402 (10th Cir. 1998).  It is unclear whether Defendant has raised a fair-cross-section claim under the Sixth Amendment.  On the one hand, Defendant states that he does not raise a fair-cross-section claim.  (Doc. 43 at 10 n. 1; Doc. 77 at 2). On the other hand, Defendant cites to the Sixth Amendment and includes percentages of American Indian and Alaska Native members of the community of the Southern Division, as defined by the Jury Selection Plan.  Because fair-cross-section claims involve the analysis of the relative percentages of distinctive groups within the community, *see Gault*, 141 F.3d at 1402, it is possible that Defendant intends to raise a fair-cross-section claim.  For this reason, the Court will briefly address this area of the law.

In order to establish a prima facie fair-cross-section claim, a defendant must show: (1) the group alleged to be excluded is a "distinctive" group in the community; (2) the representation of this group in jury panels is not fair and reasonable in relation to the number of such persons in the community; and (3) this under-representation is due to systematic exclusion of the group in the jury-selection process.  *Orange*, 447 F.3d at 797 (citing *Duren*, 439 U.S. at 364). The Sixth Amendment does not guarantee that a jury will be "of any particular composition" and the jury actually chosen does not have to "mirror the community." *Taylor*, 419 U.S. at 538.  Rather, the Sixth Amendment requires only that the panels "from which juries are drawn must not

systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." *Id.* Defendant bears the burden of producing evidence to support a fair-cross-section challenge. *See Gault*, 141 F.3d at 1402.

The Jury Section Plan provides that the jury panel for this case will be drawn from the voters registration lists maintained by the counties of the Southern Division. Defendant has presented no evidence of any systematic exclusion or chronic under-representation of Native Americans on jury panels drawn from the Southern Division. Simply put, Defendant has not shown that the representation of Native Americans in jury panels is not fair and reasonable in relation to the number of such persons in the Southern Division. While it is debatable as to whether Defendant intended to raise such a claim, it is clear that Defendant has not established a prima facie violation of the fair-cross-section requirement of the Sixth Amendment. In sum, Defendant has not established that the selection of a petit jury according to this District's Jury Selection Plan would violate his Sixth Amendment rights.

### B.   Defendant has not established an equal protection violation

Defendant claims that the "Fifth Amendment's equal protection component requires that Mr. Blake be tried by a jury drawn from the vicinage where the crime allegedly occurred." (Doc. 43 at 9). As grounds, Defendant states, in part, that: "[t]he Jury Selection and Service Act, in apportioning jury selection from the district and state in which the crime occurred, without regard to the vicinage principle as it relates to the federal court's exercise of jurisdiction under the Major Crimes Act, serves no legitimate interest and deprives American Indians prosecuted under the Major Crimes Act of the equal protection of the vicinage requirement of the Sixth Amendment that they would otherwise enjoy were they not American Indians." (Doc. 43 at 10). While the thrust of this

argument is difficult to ascertain, the Court will endeavor to address it.

Generally, to establish an equal protection violation in a jury-selection context, a defendant must establish a showing that is substantially similar to a fair-cross-section claim. *Orange*, 447 F.3d at 797. Specifically, the defendant must demonstrate that "the district's system resulted in substantial under-representation of a distinct group over a substantial period of time." *Orange*, 447 F.3d at 797 (citing *Castaneda v. Partida*, 430 U.S. 482, 494 (1977), and *Gault*, 141 F.3d at 1402). Additionally, the defendant must show that the procedure employed resulted in substantial under-representation of his race or the identifiable group to which he belongs. *Castaneda*, 430 U.S. at 494 (emphasis added). The defendant bears the burden of producing evidence to support an equal protection challenge. *See Gault*, 141 F.3d at 1402. Defendant has offered no evidence that would satisfy these requirements. Additionally, given the fact that Defendant has not shown that the selection of the jury according to the Jury Selection Plan intentionally discriminates between groups of persons or against him in particular, he has not established an equal protection violation. *See SECSYS, LLC v. Vigil*, 666 F.3d 678, 685, 688 (10th Cir. 2012) (explaining that both traditional class-based equal protection claims and class-of-one equal protection claims require a showing of intentional discrimination).

    **C.**    **The Jury Selection Plan does not contravene the Major Crimes Act**

Defendant contends that subjecting American Indians to trial before a jury drawn from citizens of the State in which the tribe is geographically located contravenes the intent and purposes of the Major Crimes Act. (Doc. 43 at 5). According to Defendant, the Major Crimes Act was enacted "to protect the tribes from the hostile environment in which the tribes find themselves within the states where they are geographically located. To subject an American Indian to a jury panel

comprised almost exclusively of members of the very state from which the federal government is seeking to protect the tribe would contravene the legal foundation on which the Major Crimes Act is based." (Doc 43 at 6).  Defendant cites no direct authority for this claim.  Indeed, the law is to the contrary.  The enactment of the Major Crimes Act "reflected a view that tribal remedies were either nonexistent or incompatible with the principles that Congress thought should be controlling." *Keeble v. United States*, 412 U.S. 205, 210 (1973) (also noting a similar purpose behind amendments to the Act, evidenced by congressional statements such as, "since Indian courts cannot impose more than a six-month sentence, the crime of aggravated assault should be prosecuted in Federal court, where the punishment of the offense will be in proportion to the gravity of the offense").  The Major Crimes Act was enacted in response to purportedly inadequate tribal punishments, not to protect the tribes from the states.  Defendant's reading of the legislative history underlying the Major Crimes Act is flawed and his argument based thereon is without legal merit.

Additionally, the venue provision applicable to the Major Crimes Act mandates that American Indians charged under the Major Crimes Act "shall be tried in the same courts and in the same manner as are all other persons committing such offense within the exclusive jurisdiction of the United States." 18 U.S.C. § 324.  In other words, the trial must proceed in the same manner as it would if the defendant were not charged under Major Crimes Act.  All petit juries drawn for defendants charged with offenses within the exclusive jurisdiction of the United States in the District of New Mexico are drawn according to the Jury Selection Plan.  Defendant's argument that the Jury Selection Plan contravenes the Major Crimes Act is foreclosed by the language of 18 U.S.C. § 3242.

      **D.**     **The requested relief would violate the Jury Selection and Service Act**

The Jury Selection and Service Act, 28 U.S.C. § 1861-1878, provides that "all litigants in

Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861.  The purpose of the Jury Selection and Service Act is to prevent discrimination, whether it be on account of "race, color, religion, sex, national origin, or economic status."  28 U.S.C. § 1862.  The Jury Selection and Service Act embodies two important principles: (1) random selection of juror names from the voter lists of the district or division in which court is held, and (2) determination of juror disqualifications, excuses, exemptions, and exclusions on the basis of objective criteria only.  *See United States v. Bearden*, 659 F.2d 590, 601 (5th Cir. 1981) (citing 28 U.S.C. § 1867(d)).  A jury panel drawn exclusively from the registered voters living on the Mescalero Apache Reservation would destroy the randomness of the process and result in a panel not comprised of a fair cross section of the community.  The Court declines to impose a procedure that would constitute a substantial violation of the Jury Selection and Service Act.

  **THEREFORE,**

  **IT IS ORDERED** that Defendant's Motion to Select Jury Exclusively from the Mescalero Apache Reservation, (Doc. 43), is **DENIED**.

                _____
                **ROBERT C. BRACK**
                **UNITED STATES DISTRICT JUDGE**